UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MANSON BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 12-cv-11687-JLT |
| | ) | |
| JOSEPH PEPE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS AND
ORDER ON PLAINTIFF'S MOTION TO APPOINT COUNSEL

June 25, 2013

SOROKIN, C.M.J.

Plaintiff Manson Brown, an inmate at the Souza-Baranowski Correctional Center in Shirley, Massachusetts, has sued defendants Joseph Pepe, Curtis Cinelli, and Thomas Brown, alleging violations of his constitutional rights arising from what he characterizes as a "staged perp walk" after his apprehension as a fugitive in Dekalb County, Georgia in January 2010. For the reasons that follow, the plaintiff's request for counsel is denied, and I recommend the claims against all three defendants be dismissed without prejudice.

I.   BACKGROUND[1]

The plaintiff's claims arise from a January 12, 2010 incident at the Dekalb County Jail in

---

[1] The facts are drawn from the Complaint, Doc. No. 1, and the plaintiff's supplemental filing regarding his claims against defendant Brown, Doc. No. 16-1. For present purposes, the Court accepts the plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Decatur, Georgia.[2]  Doc. No. 1 at ¶¶ 4, 5, 8.  Defendant Pepe, a member of the DOC's Fugitive Apprehension Unit, and Defendant Cinelli, a member of the Massachusetts State Police Violent Fugitive Apprehension Section, had traveled to Dekalb County to take custody of the plaintiff and transport him back to a DOC facility in Massachusetts.  Id. at ¶¶ 2-3, 5.  Before escorting the plaintiff out of the building, defendants Pepe and Cinelli placed him in hand and leg restraints and took him to a location where several sheriff's deputies were present.  Id. at ¶ 5.  There, defendant Cinelli and an unknown sheriff's deputy used their cell phones to take pictures of themselves with the plaintiff.  Id.

Defendants Pepe and Cinelli then escorted the plaintiff out of the jail through its main lobby, where the plaintiff pulled up the hood on his shirt to avoid being filmed by a video camera he noticed there.  Id. at ¶ 6.  Defendant Cinelli removed the hood from the plaintiff's head and, when the plaintiff ducked in an effort to shield himself from view, defendants Pepe and Cinelli pulled him up to face the camera.  Id.  Several sheriff's deputies who were present allegedly laughed at the encounter, id., some of which was later shown in the local media, Doc. No. 16-1.

Defendant Brown is the Dekalb County Sheriff; he oversees the jail and supervises the unnamed sheriff's deputies mentioned in the Complaint.  Doc. No. 1 at ¶ 4; Doc. No. 16-1.  Although he did not "play a part in the actual violation directly . . . , the violations happened on his watch," allegedly due to defendant Brown's "gross[] negligen[ce] in managing [his] subordinates."  Doc. No. 16-1.

---

[2]   The Complaint does not explain how the plaintiff came to be in custody at the Dekalb County Jail.  See generally Doc. No. 1.  The District Judge previously noted that the plaintiff had escaped from the custody of the Massachusetts Department of Correction ("DOC"), while serving a ten-year sentence in one matter and awaiting trial in another.  Doc. No. 10 at 2 n.2.

The plaintiff alleges the defendants' conduct violated his "privacy and personal rights" pursuant to the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Doc. No. 1 at ¶¶ 7-8. Defendant Pepe seeks dismissal of the claims against him based on the plaintiff's failure to exhaust his administrative remedies by first seeking redress through the prison grievance process. Doc. No. 36. At a June 21, 2013 status conference, defendants Cinelli and Brown orally joined the motion. The plaintiff has opposed the motion, Doc. No. 54, and also has requested appointment of counsel, Doc. No. 45.

II. <u>EXHAUSTION</u>

Both federal and Massachusetts state law require prisoners to pursue administrative remedies before filing federal lawsuits raising claims related to the conditions of their confinement or their treatment by DOC personnel. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); Mass. Gen. Laws ch. 127, § 38F ("An inmate shall not file any claim that may be the subject of a grievance . . . unless the inmate has exhausted the administrative remedy [available to him]."); <u>see</u> <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002) (finding the federal "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes").

In Massachusetts, there are formal grievance procedures which govern complaints "against the [DOC], its officers or employees, by inmates who are committed to, held by or in the custody of the [DOC] in a state, county, or federal correctional facility." Mass. Gen. Laws ch. 127, § 38E(a); <u>see</u> Doc. No. 36-1. The plaintiff concedes he did not initiate such procedures

with respect to the claims in this action, arguing they were not required because he was not "behind the walls" when the incident occurred. Doc. No. 54 at 2. At least with respect to defendant Pepe, the plaintiff is wrong.

First, at the time of the events at issue here, the plaintiff was in the custody of the DOC. Unlike an individual being arrested by police at the initiation of criminal proceedings, the plaintiff was a fugitive being returned to a DOC facility after his capture. Cf. Porter, 534 U.S. at 529 (distinguishing a "suit by a prisoner" from a § 1983 claim against an arresting officer). Put simply, he is and was – both when the incident occurred and when he filed his complaint in September 2002 – an inmate "committed to, held by or in the custody of the" DOC. Second, defendant Pepe is an "officer[] or employee[]" of the DOC. The plaintiff's claims against Pepe, therefore, fall squarely within the category of complaints for which the formal grievance process is available under Massachusetts law. Mass. Gen. Laws ch. 127, § 38E(a); see Woodford v. Ngo, 548 U.S. 81, 84-85 (2006) (describing the purpose and strict application of the federal exhaustion requirement, which mandates pursuit of "all 'available' remedies" under state law before a prisoner may litigate his claims in federal court).

The other defendants are not DOC employees and have not submitted briefs suggesting any other administrative remedies are available to the plaintiff here besides the Massachusetts statute excerpted above, which extends only to claims against the DOC, "its officers or employees." Mass. Gen. Laws ch. 127, § 38E(a). As such, the exhaustion requirement does not justify dismissing the plaintiff's claims against defendants Cinelli and Brown. There is, however, another defect apparent on the face of the plaintiff's complaint that does.

III. <u>VENUE</u>

    A federal lawsuit may be brought in:

    (1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3)    if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Pursuant to 28 U.S.C. § 1406, a federal court "of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."

    According to the plaintiff, defendants Pepe and Cinelli reside in Massachusetts, but defendant Brown does not. Doc. No. 1 at ¶¶ 2-4. As such, the plaintiff may not rely on § 1391(b)(1) to establish venue in this District. The incident which forms the basis for the plaintiff's claims occurred in Georgia, when defendants Pepe and Cinelli escorted the plaintiff out of the Dekalb County Jail at the start of his journey back to Massachusetts. Doc. No. 1 at ¶¶ 5-6. Thus, pursuant to § 1391(b)(2), venue lies in the Northern District of Georgia, where the Dekalb County Jail is located and the relevant events unfolded.[3]

    Because venue is improper here, the plaintiff's claims against defendants Cinelli and

---

[3] For similar reasons, this Court appears to lack personal jurisdiction over defendant Brown, who resides and works in Georgia. See Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005) ("An exercise of jurisdiction must be authorized by state statute and must comply with the Constitution."); Mass. Gen. Laws ch. 223A § 3 (permitting exercise of personal jurisdiction by Massachusetts courts in enumerated circumstances, none of which extend to the plaintiff's allegations against defendant Brown).

Brown should be dismissed pursuant to 28 U.S.C. § 1406.[4]  The interests of justice are not served by transferring venue at this time for several reasons: 1) the plaintiff may wish to administratively exhaust his claim against defendant Pepe and then, if no relief is awarded, reassert his claims against all three defendants together in the proper venue; 2) serious questions exist regarding the merits of the plaintiff's claims, even accepting his allegations as true;[5] and 3) the plaintiff was permitted to proceed here in forma pauperis and is not in jeopardy of forfeiting a filing fee if this action is dismissed, Doc. No. 18 at 2.

IV.     COUNSEL

Finally, the plaintiff has asked the Court to appoint counsel to represent him.  Doc. No. 45.  The appointment of counsel in a civil case for an indigent litigant is a matter that lies within the court's discretion.  28 U.S.C. § 1915(e)(1); see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) ("There is no absolute constitutional right to a free lawyer in a civil case.").  "To determine whether there are exceptional circumstances sufficient to warrant the appointment of

---

[4] Although not briefed in connection with the pending motion to dismiss, the venue issue was raised by defendant Cinelli as an affirmative defense, Doc. No. 29 at 3, and the plaintiff filed a memorandum opposing Cinelli's affirmative defenses in which the plaintiff's only response to the venue issue was, confusingly, that "a motion based on a forum selection clause is properly considered under [Rule 12(b)(6)]," Doc. No. 50 at 3.

[5] For example, the plaintiff's supplemental allegations against defendant Brown, Doc. No. 16-1, do not appear to cure the defects originally noted by the District Judge, Doc. No. 10 at 6- (observing the plaintiff made "no mention of any actions taken . . . directly by Sheriff Thomas Brown," and noting defendant Brown was not subject to liability in an action under 42 U.S.C. § 1983 based on "the actions of his employees under a theory of respondeat superior").  Additionally, even assuming the plaintiff's privacy interests outweigh any legitimate government purposes the defendants may cite (e.g., an interest in informing the public about efforts to apprehend fugitives from justice), the defendants appear to have a strong claim of qualified immunity, as the constitutional violations the plaintiff alleges do not appear to be clearly established under these circumstances.  See generally Caldarola v. Cnty. of Westchester, 343 F.3d 570 (2d Cir. 2003).

counsel, a court must examine the total situation," including "the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers, 949 F.2d at 24.  Considering the analysis set forth in the preceding two sections, such "extraordinary circumstances" are not present here.  Accordingly, the Motion to Appoint Counsel (Doc. No. 45) is DENIED.

V.      CONCLUSION

For the foregoing reasons, I recommend: 1) the Motion to Dismiss (Doc. No. 36) be ALLOWED with respect to defendant Pepe, and the claims against him be DISMISSED without prejudice to the plaintiff refiling them (in the proper venue) after he has administratively exhausted the claims; and 2) the claims against defendants Cinelli and Brown be DISMISSED without prejudice to the plaintiff refiling them in the proper venue.[6]

      /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

[6] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b); Habeas Corpus Rule 8(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to file timely objections will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).