**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
)
**MANSON BROWN,** )
)
    **Plaintiff,** )
) Civil Action No.
    v. ) 20-11687-FDS
)
**JOSEPH PEPE, et al.,** )
)
    **Defendants.** )
_____)

## ORDER

**SAYLOR, C.J.**

    On September 18, 2020, Manson Brown filed a letter in this closed case asking the Court to waive any further payments towards the filing fee. Docket No. 66. In his letter, Brown explains that only $8.00 remains in his account after making monthly payments for the filing fee and restitution. *Id.* He states that he is obligated to make filing fee payments for a second civil action. *See Brown v. Pepe, et al.*, No. 13-12123-RGS. *Id.*

    The Court is unable to waive Brown's obligation to make payments towards the filing fee. Congress set the payment requirements found in the *in forma pauperis* ("IFP") statute and there is no statutory authority for a court to waive payment. *See Messere v. White*, 2014 WL 202759, at *2 (D. Mass. Jan. 15, 2014) (O'Toole, J.) ("Having filed the complaint, plaintiffs and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915 . . . . The PLRA 'makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness.'") (quoting *Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir.2001)); *Calderon v. Dickhaut*, 2011 WL 3652766, at *1 (D. Mass. Aug. 17, 2011) ("In enacting the PLRA, Congress

has left little discretion to the courts in this area . . . .  Accordingly, this Court is required to assess an initial partial filing payment and collect subsequent payments on an incremental basis "until the filing fees are paid." 28 U.S.C. § 1915(b)(1), (2)."); *Fowlkes v. Dennehy*, No. 05-11749-JLT, 2010 WL 4456147, at *1 (D. Mass. Nov. 4, 2010) ("This Court is unaware of any statutory authority by which a prisoner's filing fee obligations under the in forma pauperis statute may be vacated in whole or in part while imprisoned, nor has Plaintiff cited to any legal authority supporting his request for a waiver or deferment of any of his filing fee obligations. In enacting the PLRA, Congress has left little discretion to the courts in this area; under 28 U.S.C. § 1915(b) . . . .").

      Accordingly, the motion is DENIED.

**So Ordered.**

Dated:  October 27, 2020

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court